STATE OF NORTH CAROLINA v. JORGE CASTREJON

STATE OF NORTH CAROLINA v. JAVIER MORALES GONZALEZ

No. COA06-4

(Filed 17 October 2006)

**1. Joinder— trials—abuse of discretion standard—impact of evidence against one defendant—antagonistic defenses**

The trial court did not abuse its discretion in a trafficking in cocaine case by allowing the State's motion to join defendants' trials, because: (1) although evidence admitted about one defendant's possession of a concealed weapon at the scene may have been inadmissible against the other defendant in a separate trial, the admission of that evidence alone does not warrant severance or a new trial; (2) neither defendant objected to the admission of testimony concerning the concealed weapon nor did they request a limiting instruction; and (3) the existence of antagonistic defenses alone does not necessarily warrant severance, and one of the defendants simply argued he was in the wrong place at the wrong time instead of directly implicating the guilt of the other defendant.

**2. Confessions and Incriminating Statements— post-arrest exculpatory statement—false identity—rule of completeness**

The trial court did not err in a trafficking in cocaine case by allowing the State's motion to exclude defendant's post-arrest exculpatory statement while allowing testimony of a false identity he gave at the same time allegedly in violation of the rule of completeness set forth in N.C.G.S. § 8C-1, Rule 106, because: (1) defendant failed to provide the text or content of the alleged exculpatory statements in the record or demonstrate how

STATE v. CASTREJON

[179 N.C. App. 685 (2006)]

they were explanatory of or relevant to him giving the police a false name; and (2) in the absence of the exculpatory statements in the record, defendants failed to show the trial court abused its discretion.

**3. Discovery— alleged violations—motion to dismiss—failure to provide lab report**

The trial court did not err in a trafficking in cocaine case by denying defendant's motion to dismiss based on alleged discovery violations on the ground that the State had not provided the lab report identifying the package seized as cocaine prior to trial, because: (1) the trial judge ordered the lab report to be copied and provided to all defense counsel; (2) the trial judge gave all defense counsel the lunch break to review the report and also stated he would deal with the fact that more time was needed to deal with the lab report if necessary; and (3) defense counsel made no further motions on the matter and failed to object when the lab report was entered into evidence.

**4. Discovery— alleged violations—motion to dismiss—failure to provide police notes**

The trial court did not err in a trafficking in cocaine case by denying defendant's motion to dismiss based on alleged discovery violations on the ground that the State had not provided police notes an officer used to bolster his testimony, because: (1) upon objection of the introduction of the police notes, the notes were provided to defense counsel; and (2) each time defense counsel requested discovery, copies of the documents requested were provided.

**5. Constitutional Law— effective assistance of counsel—failure to renew motion to dismiss at close of all evidence—dismissal of claim without prejudice**

Although defendant contends he received ineffective assistance of counsel in a trafficking in cocaine case based on his counsel's failure to renew a motion to dismiss at the close of all evidence, this argument is dismissed without prejudice to defendant to move for appropriate relief and to request a hearing to determine this issue, because the record is insufficient for a review when the transcripts and record do not reveal whether defense counsel's action or inaction resulted from trial tactics and strategy or from a lack of preparation or an unfamiliarity with the legal issues.

STATE v. CASTREJON

[179 N.C. App. 685 (2006)]

Appeals by defendants from judgments entered 12 August 2005 by Judge Richard D. Boner in Mecklenburg County Superior Court. Heard in the Court of Appeals 20 September 2006.

*Attorney General Roy Cooper, by Assistant Attorney General Scott K. Beaver and Assistant Attorney General Elizabeth N. Strickland, for the State.*

*Brannon Strickland, PLLC, by Anthony M. Brannon, for defendant-appellant Castrejon.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Charlesena Elliott Walker, for defendant-appellant Gonzalez.*

TYSON, Judge.

Jorge Castrejon ("Castrejon") appeals from judgment entered after a jury found him to be guilty of trafficking cocaine. Javier Morales Gonzalez ("Gonzalez") appeals from judgment entered after a jury found him to be guilty of trafficking cocaine and carrying a concealed weapon. We find no error.

## I. Background

### A. State's Evidence

The State's evidence tended to show Charlotte-Mecklenburg Police Detective James Almond ("Detective Almond") was contacted by the Gaston Drug Task Force and was informed Abel Carillio ("Carillio") had been charged with a drug offense and would provide information on drug activity in Charlotte. Carillio informed Detective Almond that a Hispanic male named Jorge "would be available to sell a half kilogram of cocaine." Carillio described Jorge as approximately twenty-four-years-old, five foot ten inches tall, and drove a white Oldsmobile Aurora vehicle.

On 10 December 2004, Detective Almond met with other police officers to discuss the information obtained from Carillio. Detective Almond and the other officers planned a "deal" between Carillio and Jorge in the Bi-Lo Supermarket ("Bi-Lo") parking lot located on Albermarle Road in Charlotte. Several officers arrived at the parking lot to begin surveillance. Detective Almond met Carillio at a nearby parking lot. Detective Almond searched Carillio and his vehicle for firearms and illegal drugs. They drove in separate vehicles to Bi-Lo's

parking lot with Detective Almond following Carillio. Detective Almond observed a parked white Oldsmobile Aurora as he entered the parking lot. Detective Almond also observed three Hispanic males standing at the entrance to Bi-Lo. Detective Almond identified the three men at trial as Castrejon, Gonzalez, and Rodolfo Hernandez ("Hernandez").

Castrejon approached Carillio after he parked. The two greeted each other and Castrejon entered Carillio's vehicle. After circling Bi-Lo's parking lot, Carillio parked near the white Oldsmobile Aurora. Hernandez and Gonzalez each entered a gold extended cab pick-up truck, circled the parking lot, and parked near Carillio's vehicle. Detective Almond saw both Hernandez and Gonzalez "turn their attention to" the extended cab portion of the truck. Detective Almond later searched the gold truck and found an open compartment located behind the driver's area, which was large enough to hold the package later seized with suspected cocaine. Hernandez exited the gold truck and entered the back seat of Carillio's vehicle. Carillio, Hernandez, and Castrejon drove away. Gonzalez remained inside the gold truck. Carillio exited his vehicle within minutes and removed his hat. This action was a predetermined signal to the police officers that Carillio had seen cocaine.

Law enforcement officials converged on the vehicles. A search of Carillio's vehicle revealed what appeared to be a one-half kilogram of cocaine located under the front passenger seat. Officers arrested Castrejon, Gonzalez, and Hernandez. Gonzalez was searched and a loaded firearm was recovered from him.

Detective Almond measured the package at the Police Department's Property Control Room. The package weighed 538.3 grams, including the plastic cellophane wrapping.

Charlotte-Mecklenburg Police Forensic Chemist Deann Johnson tested the package seized and identified its contents as 498 grams of cocaine. The report reflecting her testimony that the package seized contained 498 grams of cocaine was admitted into evidence without further objection. Detective Almond testified if 498 grams of cocaine was broken down into ten dollar units, it would sell for approximately $53,000.00 on the street.

Castrejon was charged with trafficking cocaine and Gonzalez was charged with trafficking cocaine and carrying a concealed weapon.

### B. Pre-Trial Matters

On 8 August 2005, the trial court heard and ruled upon three pre-trial matters. The State moved to join Castrejon's and Gonzalez's trials. Castrejon opposed the motion. The trial court allowed the State's motion for joinder.

The State requested clarification from the trial court regarding Castrejon identifying himself as "Jose Roman" to police officers upon arrest. As a result of Castrejon's false identification, various documents in the case, including a lab report, referred to the name "Jose Roman" instead of "Jorge Castrejon." The State sought a preliminary ruling to determine if the State elicited testimony from prospective witnesses concerning Castrejon's providing an incorrect name to the police, would it "open the door" to also allow Castrejon to introduce exculpatory statements he made to the police. The trial court ruled the State's elicitation of such testimony would not "open the door" and allowed testimony that upon Castrejon's arrest he identified himself as "Jose Roman."

Castrejon's attorney moved to dismiss the charges against him on the grounds that the State had violated the "open-file discovery statute" by not providing Castrejon with the lab report of the chemical analysis performed on the cocaine seized. The trial court denied the motion and ordered the clerk of court to provide a copy of the lab report to Castrejon's and Gonzalez's counsel to review during lunch. The trial court also informed all counsel that if additional time was needed to review the report, the trial court would entertain that motion. The record does not reflect that additional time was requested.

### C. Gonzalez's Evidence

Castrejon did not present any evidence or testify on his own behalf at trial. Gonzalez did testify on his own behalf at trial. Gonzalez testified on 10 December 2004 he went to Bi-Lo in search of work. After not finding work, he stood by Castrejon and Hernandez while the men waited outside Bi-Lo for the rain to stop. Gonzalez testified Castrejon walked to Bi-Lo's parking lot and Hernandez approached and offered him a job cleaning yards. Gonzalez entered Hernandez's gold truck, anticipated instructions on the job, and left Bi-Lo's parking lot. Hernandez drove around until it stopped raining and Gonzalez and Hernandez exited the truck to retrieve some trash bags from the rear of the truck to begin work. When the rain resumed,

the two men re-entered the truck. Hernandez exited the vehicle and requested Gonzalez wait for him inside. Gonzalez was arrested by police as he waited inside Hernandez's truck. Gonzalez testified he immediately told the police he had a weapon, had no previous relationship with either Castrejon or Hernandez, and he knew nothing about the seized cocaine.

On 11 August 2005, a jury found both Castrejon and Gonzalez guilty of trafficking in cocaine by possession of 400 or more grams. Gonzalez was also found guilty of carrying a concealed weapon. Castrejon and Gonzalez were each sentenced to a minimum term of 175 months and a maximum term of 219 months. Castrejon and Gonzalez appeal.

## II. Issues

Castrejon and Gonzalez jointly assign three errors and argue the trial court erred by: (1) allowing the State's motion to join their trials; (2) allowing the State's motion to exclude Castrejon's post-arrest exculpatory statement, while allowing testimony of a false identity he gave at the same time in violation of the rule of completeness; and (3) denying Castrejon's motion to dismiss for discovery violations. Gonzalez further argues he received ineffective assistance of counsel.

## III. Joinder

[1] Castrejon and Gonzalez argue the trial court erred by granting the State's motion to join their trials. Castrejon properly objected to the joinder. N.C. Gen. Stat. § 15A-927(c)(2) (2005) requires the trial court to deny joinder of the defendants for trial whenever it is necessary to promote or achieve a fair determination of guilt or innocence.

### A. Standard of Review

"Whether defendants should be tried jointly or separately is a question addressed to the sound discretion of the trial judge." *State v. Rasor*, 319 N.C. 577, 581, 356 S.E.2d 328, 331 (1987) (citing *State v. Slade*, 291 N.C. 275, 229 S.E.2d 921 (1976)). "A trial court's ruling on such questions of joinder or severance, however, is discretionary and will not be disturbed absent a showing of abuse of discretion." *State v. Carson*, 320 N.C. 328, 335, 357 S.E.2d 662, 666-67 (1987).

### B. Exclusion of Evidence

Castrejon and Gonzalez cite *State v. Foster*, 33 N.C. App. 145, 234 S.E.2d 443 (1977) and argue the joint trial was prejudicial and unfair.

The trial court allowed the admission of the concealed weapon against Gonzalez, which would have been excluded against Castrejon, if he had been granted a separate trial.

Our Supreme Court has stated:

> There is a strong policy in North Carolina favoring the consolidation of the cases of multiple defendants at trial when they may be held accountable for the same criminal conduct. Severance is not appropriate merely because the evidence against one codefendant differs from the evidence against another. The differences in evidence from one codefendant to another ordinarily must result in a conflict in the defendants' respective positions at trial of such a nature that, in viewing the totality of the evidence in the case, the defendants were denied a fair trial. However, substantial evidence of the defendants' guilt may override any harm resulting from the contradictory evidence offered by them individually.

*State v. Barnes*, 345 N.C. 184, 220, 481 S.E.2d 44, 63-64 (1997) (internal citations and quotations omitted), *cert. denied*, 523 U.S. 1024, 140 L. Ed. 2d 473 (1998).

Although evidence admitted about Gonzalez's possession of the gun at the scene may have been inadmissible against Castrejon in a separate trial, the admission of that evidence alone does not warrant severance or a new trial. *State v. Nelson*, 298 N.C. 573, 586-89, 260 S.E.2d 629, 640-41 (1979), *cert. denied*, 446 U.S. 929, 64 L. Ed. 2d 282 (1980). Our Supreme Court in *Nelson* stated, "That the jury might have considered evidence competent only against one defendant as evidence against the other is a consequence defendants might have avoided had they made timely objections and motions for limiting instructions." 298 N.C. at 589, 260 S.E.2d at 641. Here, as in *Nelson*, neither defendant objected to the admission of testimony concerning the concealed weapon.

Castrejon and Gonzalez also failed to request limiting instructions. As this Court stated in *State v. Pierce*:

> [Defendants] may not now be heard to complain because evidence showing the separate possession of each was admitted generally against both without instructions to the jury to make it clear as against which defendant the evidence might be considered. Prejudice, if any, suffered by the defendants resulted, not because the cases were consolidated for trial, but because

defendants' counsel failed to request limiting instructions or to interpose timely general objections requiring them.

36 N.C. App. 770, 772, 245 S.E.2d 195, 198 (1978). Castrejon failed to show any abuse of discretion in the trial court's joinder of these trials due to evidence of Gonzalez's possession of a concealed weapon. This assignment of error is overruled.

Castrejon and Gonzalez also argue they were prejudiced because Gonzalez presented an antagonistic defense to Castrejon. They contend the defenses were antagonistic because Gonzalez "presented a defense which was based on the assertion that Castrejon was the real guilty party."

Our Supreme Court has stated:

[T]he existence of antagonistic defenses alone does not necessarily warrant severance. The test under section 15A-927(c)(2) is whether the conflict in the defendants' respective positions at trial is such that, considering all of the other evidence in the case, they were denied a fair trial. Thus the focus is not on whether the defendants contradict one another but on whether they have suffered prejudice.

Rasor, 319 N.C. at 582-83, 356 S.E.2d at 332 (internal citations and quotations omitted). Here, Gonzalez's defense was not antagonistic to Castrejon. Gonzalez's defense was that he was simply in "the wrong place at the wrong time." Gonzalez did not make any assertion regarding Castrejon's guilt and did not directly implicate Castrejon. Castrejon suffered no prejudice by Gonzalez's defense. The trial court did not abuse its discretion in overruling Castrejon's objection to the joinder of these trials on this ground. This assignment of error is overruled.

## IV. Post-Arrest Exculpatory Statements

[2] Castrejon and Gonzalez contend it was reversible error for the trial court to exclude Castrejon's post-arrest exculpatory statements while allowing testimony that Castrejon gave police a false name.

N.C. Gen. Stat. § 8C-1, Rule 106 (2005), entitled, "Remainder of or Related Writing or Recorded Statement," states, "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him at that time to introduce any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."

STATE v. CASTREJON

[179 N.C. App. 685 (2006)]

Our Supreme Court addressed Rule 106 in *State v. Thompson* and noted that our State rule is identical to the Federal rule, which has been interpreted and applied in many federal courts' decisions. 332 N.C. 204, 219, 420 S.E.2d 395, 403 (1992). "[T]his Court frequently looks to federal decisions for guidance with regard to the Rules of Evidence." *Id.*

Our Supreme Court cited extensive federal case law in *Thompson* and set out the following principles:

> The lessons of the federal decisions discussing Rule 106 are well settled. Rule 106 codifies the standard common law rule that when a writing or recorded statement or a part thereof is introduced by any party, an adverse party can obtain admission of the entire statement or anything so closely related that in fairness it too should be admitted. The trial court decides what is closely related. The standard of review is whether the trial court abused its discretion. "The purpose of the 'completeness' rule codified in Rule 106 is merely to ensure that a misleading impression created by taking matters out of context is corrected on the spot, because of 'the inadequacy of repair work when delayed to a point later in the trial.' "

> Federal decisions also make clear that Rule 106 does not require introduction of additional portions of the statement or another statement that are neither explanatory of nor relevant to the passages that have been admitted.

332 N.C. 204 at 219-20, 420 S.E.2d at 403-04.

Here, Castrejon and Gonzalez must demonstrate that the statement showing Castrejon gave the police a false name upon arrest was taken out of context when introduced into evidence and Castrejon's allegedly exculpatory statements were explanatory of or relevant to his giving the police the name "Jose Roman." *Id.* Castrejon failed to provide the text or content of the alleged exculpatory statements in the record or demonstrate how they were explanatory of or relevant to him giving the police the name "Jose Roman." In the absence of the exculpatory statements in the record, Castrejon and Gonzalez have failed to show the trial court abused its discretion when it allowed testimony that Castrejon gave police a false name after arrest and excluded Castrejon's post-arrest exculpatory statements. *Id.* This assignment of error is overruled.

## V.  Discovery Violations

### A.  Lab Report

[3] Castrejon and Gonzalez argue the trial court erred by not granting Castrejon's motion to dismiss the case for discovery violations. At the pre-trial hearing on 8 August 2005, Castrejon moved to dismiss the charge for discovery violations on the grounds the State had not provided the lab report identifying the package seized as cocaine prior to trial. The trial court ordered the lab report to be copied and provided to all defense counsel. The trial court gave all defense counsel the lunch break to review the report and also stated, "If you think there's some need for some time to deal with [the lab report], I'll deal with that, to disclose I will deal with that if necessary." Defense counsel made no further motions on the matter and failed to object when the lab report was entered into evidence. This assignment of error is overruled.

### B.  Officer's Notes

[4] Castrejon and Gonzalez also argue the trial court erred by allowing Detective Almond to use his police notes to bolster his testimony. Castrejon and Gonzalez objected to the introduction of the police notes because they had not been provided to them prior to trial. Upon objection, Detective Almond's police notes were provided to all defense counsel.

N.C. Gen. Stat. § 15A-903 (2005) states, in relevant part:

(a) Upon motion of the defendant, the court must order the State to:

(1) Make available to the defendant the complete files of all law enforcement and prosecutorial agencies involved in the investigation of the crimes committed or the prosecution of the defendant. The term "file" includes the defendant's statements, the codefendants' statements, witness statements, investigating *officers' notes, results of tests and examinations,* or any other matter or evidence obtained during the investigation of the offenses alleged to have been committed by the defendant. Oral statements shall be in written or recorded form. The defendant shall have the right to inspect and copy or photograph any materials contained therein and, under appropriate safeguards, to inspect, examine, and test any physical evidence or sample contained therein.

(Emphasis supplied).

"A defendant is not entitled to discovery of materials in the possession of the State unless he makes a motion to compel discovery." *State v. Abbott*, 320 N.C. 475, 482, 358 S.E.2d 365, 370 (1987); *see State v. Reaves*, 343 N.C. 111, 113, 468 S.E.2d 53, 54 (1996) ("[A] prosecutor's open-file policy does not grant a defendant a standing motion for discovery."). Here, each time defense counsel requested discovery, copies of the documents requested were provided. This assignment of error is overruled.

Castrejon and Gonzalez argue that providing them with incomplete discovery that omits officer's notes and a lab report routinely conducted "cannot be said to satisfy . . . considerations of due process and fundamental fairness." The United States Supreme Court has expressly stated, "the suppression by the prosecution of evidence favorable to an accused *upon request* violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87, 10 L. Ed. 2d 215, 218 (1963) (emphasis supplied). Last minute or "day of trial" production to the defendant of discoverable materials the State intends to use at trial is an unfair surprise and may raise constitutional and statutory violations. We do not condone either non-production or a "sandbag" delivery of relevant discoverable materials and documents by the State. *See State v. Payne*, 327 N.C. 194, 202, 394 S.E.2d 158, 162 (1990) ("[T]he purpose of discovery under our statutes is to protect the defendant from unfair surprise by the introduction of evidence he cannot anticipate."), *cert. denied*, 498 U.S. 1092, 112 L. Ed. 2d 1062 (1991).

Castrejon and Gonzalez failed to raise the issue of the constitutionality of admitting the late delivered lab report in their pre-trial motion to dismiss the case pursuant to "the open-file [d]iscovery statute" for discovery violations. Castrejon and Gonzalez also failed to raise the issue of the constitutionality as part of their objection to Officer Almond using his notes not previously provided to them during testimony. A constitutional issue not raised in the trial court will not be considered for the first time on appeal. *State v. Hunter*, 305 N.C. 106, 112, 286 S.E.2d 535, 539 (1982) ("[A] constitutional question which is not raised and passed upon in the trial court will not ordinarily be considered on appeal."); *see State v. Benson*, 323 N.C. 318, 322, 372 S.E.2d 517, 519 (1988) ("Defendant may not swap horses after trial in order to obtain a thoroughbred upon appeal."). This assignment of error is dismissed.

## VI. Ineffective Assistance of Counsel

[5] Gonzalez argues his trial counsel provided ineffective assistance after counsel failed to renew his motion to dismiss at the close of all the evidence. Gonzalez asserts the State failed to present substantial evidence he constructively possessed the cocaine.

Gonzalez's counsel moved to dismiss the charges at the close of the State's evidence, but failed to renew the motion at the close of all the evidence. Gonzalez contends that "due to the absence of evidence showing Gonzalez constructively possessed the cocaine, trial counsel's failure to renew the routine motion constituted ineffective assistance of counsel" and he should be awarded a new trial for trafficking in cocaine.

This Court has stated, "claims of ineffective assistance of counsel should be considered through motions for appropriate relief and not on direct appeal." *State v. Stroud*, 147 N.C. App. 549, 553, 557 S.E.2d 544, 547 (2001), *cert. denied*, 356 N.C. 623, 575 S.E.2d 758 (2002). The reasons for this rule is to develop a factual record and "in order to defend against ineffective assistance of counsel allegations, the State must rely on information provided by defendant to trial counsel, as well as defendant's thoughts, concerns, and demeanor." *Id.* at 554, 557 S.E.2d at 547. An ineffective assistance of counsel claim may be brought on direct review "when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." *State v. Fair*, 354 N.C. 131, 166, 557 S.E.2d 500, 524 (citations omitted), *motion to withdraw opinion denied*, 354 N.C. 576, 558 S.E.2d 861 (2001), *cert. denied*, 535 U.S. 1114, 153 L. Ed. 2d 162 (2002).

Here, the record is insufficient for us to review and rule on Gonzalez's claim. The transcripts and record are insufficient for us to determine whether defense counsel's actions or inaction resulted from trial tactics and strategy or from a lack of preparation or an unfamiliarity with the legal issues. We decline to reach Gonzalez's ineffective assistance of counsel assignment of error because it is not properly raised at this stage of review. This assignment of error is dismissed.

Our dismissal of this assignment of error is without prejudice to Gonzalez to move for appropriate relief and to request a hearing to determine whether he received effective assistance of counsel. *See*

*State v. Dockery*, 78 N.C. App. 190, 192, 336 S.E.2d 719, 721 (1985) ("The accepted practice is to raise claims of ineffective assistance of counsel in post-conviction proceedings, rather than direct appeal.") (citing *e.g., State v. Vickers*, 306 N.C. 90, 291 S.E.2d 599 (1982)).

## VII. Conclusion

Castrejon and Gonzalez failed to show the trial court abused its discretion in overruling Castrejon's objection to the joinder of their trials. Castrejon and Gonzalez failed to use available procedures and instructions to limit the impact of the concealed weapon testimony. Castrejon and Gonzalez also failed to show the trial court abused its discretion when it allowed testimony concerning a post-arrest statement in which Castrejon gave police a false name and excluded his post-arrest exculpatory statements.

The trial court did not err by denying Castrejon's and Gonzalez's motions to dismiss for discovery violations. Castrejon and Gonzalez failed to preserve for review constitutional issues on the State's discovery violations.

Gonzalez's claim of ineffective assistance of counsel is not properly before us and is dismissed without prejudice. Castrejon and Gonzalez received a fair trial free from prejudicial errors each preserved, assigned, and argued.

No Error.

Judges BRYANT and LEVINSON concur.