JAMES A. WELLS, Guardian for Frank Wells, Plaintiff v. CUMBERLAND COUNTY HOSPITAL SYSTEM, INC. and S & R HEALTH CARE, INC., dba OPEN ARMS REST HOME, Defendants

No. COA06-420

(Filed 6 February 2007)

## 1. Statutes of Limitation and Repose— incompetency—not tolled

The trial court did not err by granting summary judgment for defendant hospital based on the statute of repose for medical malpractice actions where plaintiff argued that the statute was tolled by his incompetency. The identical argument was raised and rejected in *Livingston v. Adams Kleemeir Hagan Hannah & Founts*, 163 N.C. App. 397. Although that case was resolved on several grounds, this argument was made, addressed, and rejected.

## 2. Appeal and Error— former decision of Court of Appeals— alleged faulty reasoning—no authority to overrule

A subsequent panel of the Court of Appeals had no authority to overrule a prior decision which plaintiff argued was based on faulty reasoning.

## 3. Appeal and Error— Court of Appeals opinion—retroactive application

*Livingston v. Adams Kleemeir Hagan Hannah & Founts*, 163 N.C. App. 397, applies retroactively.

Appeal by plaintiff from an order entered 28 November 2005 by Judge E. Lynn Johnson and appeal by defendant Cumberland County Hospital System, Inc. from an order entered 9 February 2006 *nunc pro tunc* as of 31 October 2005 by Judge Jack A. Thompson in Cumberland County Superior Court. Heard in the Court of Appeals 12 December 2006.

*Gill & Tobias, LLP, by Douglas R. Gill; H. Bright Lindler, for plaintiff-appellant.*

*Patterson, Dilthey, Clay, Bryson & Anderson, L.L.P., by Mark E. Anderson, Charles George, and Jessica M. Lewis, for defendant-appellant.*

HUNTER, Judge.

James A. Wells, as guardian for Frank Wells ("plaintiff"), appeals from an order of the trial court granting summary judgment in favor of Cumberland County Hospital System, Inc. ("defendant"). Plaintiff argues the trial court erred in concluding that plaintiff's suit was barred by the statute of repose. Defendant separately appeals from an order of the trial court denying its motion to dismiss. Defendant argues the trial court should have dismissed the case pursuant to Rules 9(j), 12(b)(6), and 41(b) of the North Carolina Rules of Civil Procedure due to plaintiff's failure to secure a qualified expert witness. After careful review, we affirm the grant of summary judgment in favor of defendant.

On 18 August 2000, plaintiff filed a complaint against defendant in superior court alleging that defendant had failed to properly care for plaintiff during his hospital stay, resulting in serious pressure ulcers and other medical complications. Plaintiff alleged he was discharged from defendant hospital on 13 November 1995. Defendant subsequently moved to dismiss plaintiff's complaint, arguing plaintiff failed to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure. Defendant also filed a motion for summary judgment on the grounds that plaintiff's complaint was untimely. The trial court denied defendant's motion to dismiss, but granted the motion for summary judgment. Both plaintiff and defendant appeal.

[1] Plaintiff argues the trial court erred in granting summary judgment in favor of defendant. The standard of review of the grant of a motion for summary judgment is well established. Summary judgment is properly granted where the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005); *Livingston v. Adams Kleemeier Hagan Hannah & Fouts*, 163 N.C. App. 397, 402, 594 S.E.2d 44, 48, *disc. review denied*, 359 N.C. 190, 607 S.E.2d 275 (2004). " 'An issue is material if the facts alleged would constitute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action.' " *Thompson v. First Citizens Bank & Tr. Co.*, 151 N.C. App. 704, 706, 567 S.E.2d 184, 187 (2002) (quoting *Koontz v. City of Winston-Salem*, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972)).

**WELLS v. CUMBERLAND CTY. HOSP. SYS., INC.**

[181 N.C. App. 590 (2007)]

Plaintiff argues his cause of action is not barred by the statute of repose, in that his incompetency tolled the statute. We do not agree. Section 1-15(c) of the North Carolina General Statutes provides that "a cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action[.]" N.C. Gen. Stat. § 1-15(c) (2005). "[I]n no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action . . . ." *Id.*

In *Livingston*, the plaintiff made the identical argument as present plaintiff. Specifically, the plaintiff argued the trial court erred in granting summary judgment to the defendants on the basis that the claim was barred by the statute of repose, because, argued the plaintiff, the statute was tolled by incompetency. *See Livingston*, 163 N.C. App. at 407, 594 S.E.2d at 51. This Court rejected the plaintiff's argument, noting that "a statute of repose 'serves as an unyielding and absolute barrier that prevents a plaintiff's right of action even before his cause of action may accrue, which is generally recognized as the point in time when the elements necessary for a legal wrong coalesce.' " *Id.* (quoting *Black v. Littlejohn*, 312 N.C. 626, 633, 325 S.E.2d 469, 475 (1985)). The Court distinguished the two cases cited by the plaintiff in support of her argument, *Bryant v. Adams*, 116 N.C. App. 448, 448 S.E.2d 832 (1994) and *Osborne v. Annie Penn Memorial Hospital*, 95 N.C. App. 96, 381 S.E.2d 794 (1989), and concluded they were inapplicable to support the tolling of the statute of repose on the basis of incompetency. The Court held the statute of repose barred the plaintiff's claim, notwithstanding a claim of incompetency, and overruled the plaintiff's argument.

In the instant case, plaintiff's argument is identical to the one expressly rejected by this Court in *Livingston*. Plaintiff nevertheless argues that because the Court in *Livingston* resolved the appeal on several grounds, the language regarding the tolling of the statute of repose is *obiter dictum* and does not control the outcome of the instant case. We do not agree. The plaintiff in *Livingston* specifically argued that the statute of repose was tolled by incompetency, a claim which the Court then addressed and expressly rejected and overruled. We overrule this argument.

[2] Plaintiff further argues that the reasoning of *Livingston* was faulty and should not be controlling. However, "[w]here a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that prece-

dent, unless it has been overturned by a higher court." *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989).

> While we recognize that a panel of the Court of Appeals may disagree with, or even find error in, an opinion by a prior panel and may duly note its disagreement or point out that error in its opinion, the panel is bound by that prior decision until it is overturned by a higher court.

*State v. Jones*, 358 N.C. 473, 487, 598 S.E.2d 125, 134 (2004). We have no authority to overrule this Court's prior decision in *Livingston*, and we therefore overrule plaintiff's argument.

**[3]** Finally, plaintiff argues that, if *Livingston* controls the outcome of the instant case, it should apply only prospectively rather than retroactively. Because plaintiff filed his complaint before the *Livingston* case was decided, plaintiff contends his case should be allowed to go forward. Plaintiff's position conflicts, however, with "the well-established judicial policy in North Carolina [that] decisions of the North Carolina Supreme Court 'are generally presumed to operate retroactively.'" *Dunleavy v. Yates Construction Co.*, 106 N.C. App. 146, 151-52, 416 S.E.2d 193, 196 (1992) (quoting *State v. Rivens*, 299 N.C. 385, 390, 261 S.E.2d 867, 870 (1980)). Decisions of the Supreme Court of North Carolina overruling former decisions are also presumed to operate retroactively. *Cox v. Haworth*, 304 N.C. 571, 573, 284 S.E.2d 322, 324 (1981). We overrule this argument.

Plaintiff concedes that unless alleged incompetency operates to toll the statute of repose, his claim is barred in the instant case. Because the statute of repose is not tolled by a claim of incompetency, *see Livingston*, 163 N.C. App. at 407, 594 S.E.2d at 51, plaintiff's complaint was untimely filed, and the trial court did not err in granting summary judgment in favor of defendant. Given our resolution of plaintiff's appeal, we need not address defendant's argument that the trial court erred in denying its motion to dismiss.

Affirmed.

Judges WYNN and STEELMAN concur.