STATE OF NORTH CAROLINA
v.
CARLOS DENARD NEELY
No. COA08-325
Court of Appeals of North Carolina
Filed November 18, 2008
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Elizabeth N. Strickland, for the State.
James N. Freeman, Jr. for Defendant.
McGEE, Judge.
The evidence presented by the State at Defendant's trial tends to show the following: Cynthia Spence (Ms. Spence) testified that she sometimes shared a bedroom with Defendant at 224 Kyle Road, in Winston-Salem. Ms. Spence said that around 4:00 o'clock a.m., on 2 January 2007, she was awakened by some men looking for Defendant. Ms. Spence said she took the men to a house where she thought Defendant might be found. Ms. Spence further testified she and the men arrived at the house and that as soon as everyone got out of the car, one of the men saw Defendant. The man pulled out a handgun and hit Defendant in the head with the gun several times. All of the men then left the house. Ms. Spence walked with Defendant back to 224 Kyle Road. Ms. Spence attempted to clean Defendant's head wound and stop the bleeding, but was unable to do so. She called 911 and requested an ambulance. An ambulance, along with Corporal David Walsh and Officers Michael Tuttle and Jimmy Fulk of the Winston-Salem Police Department, responded to Ms. Spence's 911 call. Ms. Spence testified she spoke with Corporal Walsh and described the events of 2 January 2007, and that she gave Corporal Walsh permission to enter the bedroom she shared with Defendant.
Corporal Walsh testified that he asked Ms. Spence for consent to search the bedroom, and that Ms. Spence signed a consent to search waiver. Corporal Walsh testified that when he entered the bedroom, he saw a handgun, a marijuana pipe, a cigar wrapper filled with marijuana, and a box of bullets in plain view on a bedside table. Corporal Walsh testified Ms. Spence admitted that the marijuana and the marijuana pipe belonged to her, but stated that the gun belonged to Defendant.
Ms. Spence also testified she told the officers that a man named "Anthony" had come to 224 Kyle Road about one month earlier to speak with Defendant, and that he had a gun with him when he arrived. She stated that after Defendant and Anthony spoke in the kitchen, they went into the bedroom. Ms. Spence testified that later that day she went into the bedroom and saw the gun on the bedside table. Ms. Spence stated that the gun had remained on the bedside table since that time. Ms. Spence testified she and Defendant continued to occasionally share the bedroom after the gun had been placed upon the bedside table. Ms. Spence further testified she had overheard a conversation between Defendant and Anthony prior to Anthony's arrival with the gun at 224 Kyle Road. She testified she heard Defendant asking Anthony for a gun. Ms. Spence also testified that after Defendant's arrest, she visited him in jail. She said Defendant asked her to tell police that Anthony had brought the gun to 224 Kyle Road for someone else, when Defendant was not there. Ms. Spence testified that the statements Defendant wanted her to make to the police were not true. It was stipulated at trial that Defendant had been convicted of a felony in 1996.
Defendant was arrested on 2 January 2007 for possession of a firearm by a felon. The Forsyth County Grand Jury indicted Defendant on this charge on 12 March 2007. Defendant was also indicted for habitual felon status by the Forsyth County Grand Jury on 26 March 2007. Defendant was tried on 1 and 2 October 2007, in Forsyth County Criminal Superior Court. The jury found Defendant guilty of possession of a firearm after having been convicted of a felony on 2 October 2007. Defendant pled guilty to having obtained habitual felon status. The trial court entered judgment on 2 October 2007, sentencing Defendant to 120 months to 153 months in prison. Defendant appeals.
In Defendant's first argument, he contends the failure of his counsel to move for dismissal at the close of the State's evidence, and at the close of all the evidence, constituted ineffective assistance of counsel requiring either dismissal of all charges against him, or a new trial. We disagree. "[C]laims of ineffective assistance of counsel should be considered through motions for appropriate relief and not on direct appeal." The reasons for this rule [are] to develop a factual record and "in order to defend against ineffective assistance of counsel allegations, the State must rely on information provided by [the] defendant to trial counsel, as well as [the] defendant's thoughts, concerns, and demeanor." An ineffective assistance of counsel claim may be brought on direct review "when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing."
State v. Castrejon, 179 N.C. App. 685, 696, 635 S.E.2d 520, 527 (2006) (citations omitted). Assuming arguendo that Defendant's claim is appropriate for direct review on appeal,[1] Defendant's argument still fails.
To successfully assert an ineffective assistance of counsel claim, [a] defendant must satisfy a two-prong test. First, [the defendant] must show that counsel's performance fell below an objective standard of reasonableness. Second, once [a] defendant satisfies the first prong, [the defendant] must show that the error committed was so serious that a reasonable probability exists that the trial result would have been different absent the error.
State v. Blakeney, 352 N.C. 287, 307-08, 531 S.E.2d 799, 814-15 (2000) (citations omitted). Because Defendant cannot meet his burden in the second prong of this two-prong test, we hold that his claim of ineffective assistance of counsel fails. Defendant "must show that the error committed was so serious that a reasonable probability exists that the trial result would have been different absent the error." Id.
The question presented on [the] defendant's motion to dismiss is whether, upon consideration of all of the evidence in the light most favorable to the State, there is substantial evidence that the crime charged in the bill of indictment was committed and that [the] defendant was the perpetrator. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. This test is the same whether the State's evidence is direct, circumstantial, or a combination of the two.
The trial court need only satisfy itself that the evidence is sufficient to take the case to the jury; it need not be concerned with the weight of that evidence. If there is any evidence tending to prove guilt or which reasonably leads to this conclusion as a fairly logical and legitimate deduction, it is for the jury to say whether it is convinced beyond a reasonable doubt of [the] defendant's guilt. The trial court is not required to determine that the evidence excludes every reasonable hypothesis of innocence prior to denying a defendant's motion to dismiss.
The State is entitled to every reasonable inference to be drawn from the evidence. Contradictions and discrepancies do not warrant dismissal of the case; rather, they are for the jury to resolve. [The] [d]efendant's evidence, unless favorable to the State, is not to be taken into consideration.
State v. Franklin, 327 N.C. 162, 171-72, 393 S.E.2d 781, 787 (1990). The State's evidence tended to show that: (1) Defendant requested a gun from a man named "Anthony"; (2) Anthony subsequently arrived at 224 Kyle Road with a gun; (3) Defendant and Anthony entered the bedroom Defendant shared with Ms. Spence; (4) Anthony had the gun when he entered the bedroom; (5) the gun remained in that bedroom until it was recovered by police; and (6) Defendant asked Ms. Spence to lie about the circumstances surrounding how the gun came to be placed in the bedroom she shared with Defendant. We hold that the evidence presented by the State was sufficient for the trial court to "satisfy itself that the evidence [was] sufficient to take the case to the jury[.]" Id. at 171, 393 S.E.2d at 787.
Once the State has met its burden of presenting a prima facie case, it is the sole province of the jury to determine the guilt or innocence of a defendant based on all the evidence presented at trial. Id. at 172, 393 S.E.2d 781, 787. Because we hold the State presented sufficient evidence to submit the case to the jury, we must further hold that the failure of Defendant's counsel to move for dismissal at the end of the State's evidence and at the close of all the evidence did not constitute error "so serious that a reasonable probability exists that the trial result would have been different absent the error." Blakeney, 352 N.C. at 307-08, 531 S.E.2d at 815. This argument is without merit.
In Defendant's second, third and fourth arguments, he contends the trial court committed plain error on three different constitutional grounds. We disagree.
In Defendant's second argument, he contends the trial court committed plain error in sentencing him as an habitual felon based upon an indictment that "contained as one of its underlying felonies the same felony used to convict him of the underlying charge . . . in violation of [his] state and federal constitutional rights[.]" In Defendant's third argument, he contends the trial court committed plain error "in sentencing Defendant as an habitual felon as this sentencing scheme as applied violates the separation of powers in violation of Defendant's state and federal constitutional rights." In Defendant's fourth argument, he contends the trial court committed plain error in "sentencing him as [an] habitual felon [because] this sentence constitutes cruel and unusual punishment[.]"
"It is well settled that an error, even one of constitutional magnitude, that [a] defendant does not bring to the trial court's attention is waived and will not be considered on appeal. Additionally, this Court has held that plain error analysis applies only to jury instructions and evidentiary matters[.]" State v. Wiley, 355 N.C. 592, 615, 565 S.E.2d 22, 39-40 (2002); see also State v. Gregory, 342 N.C. 580, 584, 467 S.E.2d 28, 31 (1996). None of Defendant's arguments in which he seeks plain error analysis involve jury instructions or rulings on evidentiary matters. Therefore, they are not appropriate for plain error review, and must be dismissed. Wiley, 355 N.C. at 616, 565 S.E.2d at 40.
Further, in Defendant's second, third and fourth arguments, he acknowledges that these issues have already been decided against him by the appellate courts of this State, but Defendant urges this Court to "re-examine" the prior holdings. Defendant also states that he includes these arguments in his brief "so as not to be considered to have abandoned his claim[s] under N.C.R. App. P., Rule 28(b)(6)." We are without authority to re-examine prior holdings of the appellate courts of this State. Wells v. Cumberland County Hosp. System, Inc., 181 N.C. App. 590, 592-93, 640 S.E.2d 400, 403 (2007); see also In the Matter of Appeal from Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (One panel of the Court of Appeals may not overrule another panel of the Court of Appeals.). These arguments are without merit.
No error.
Chief Judge MARTIN and Judge STEPHENS concur.
Report per Rule 30(e).
NOTES
[1] This Court has held the record insufficient for direct review on similar facts. See Id.