STATE OF NORTH CAROLINA v. MICHAEL REED REPLOGLE, II, Defendant

No. COA06-152

(Filed 6 February 2007)

**1. Homicide— involuntary manslaughter—culpable negligence—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of involuntary manslaughter, because a review of the evidence in the light most favorable to the State revealed that: (1) defendant was holding a gun like one does when shooting a gun, the gun discharged killing the victim, and the State's expert testified that the gun did not have a hair trigger and it could not have been fired without actually pulling the trigger; and (2) there was sufficient evidence of wantonness, recklessness, or other misconduct amounting to culpable negligence.

**2. Appeal and Error— preservation of issues—constitutional issue—failure to raise at trial**

The trial court did not err in an involuntary manslaughter case by failing to declare a mistrial when it was informed that the jury was having difficulty in reaching a verdict, because: (1) the constitutional issue of defendant's right to a jury trial was neither raised at the trial level nor assigned as error; and (2) plain error review is unavailable for this issue.

**3. Constitutional Law— effective assistance of counsel—failure to move for mistrial**

Defendant was not denied effective assistance of counsel in an involuntary manslaughter case based on his trial counsel's failure to move for a mistrial, because: (1) there was no reason to believe that such a motion would have been granted; and (2) any potential error was not so serious that a reasonable probability existed that the trial result would have been different absent the error.

**4. Sentencing— restitution—unsworn statements of prosecutor**

The trial court erred in an involuntary manslaughter case by ordering defendant to pay restitution to the victim's father in the amount of $12,850, because: (1) the amount of restitution recommended by the trial court must be supported by evidence adduced at trial or at sentencing; (2) the unsworn statements of

the prosecutor do not constitute evidence and cannot support the amount of restitution recommended; (3) even though defendant did not specifically object to the trial court's entry of an award of restitution, this issue was preserved for appellate review under N.C.G.S. § 15A-1446(d)(18); and (4) while it is true that silence under some circumstances may be deemed assent, a stipulation's terms must nevertheless be definite and certain in order to afford a basis for judicial decision.

Appeal by defendant from judgment entered 5 August 2005 by Judge Richard L. Doughton in Watauga County Superior Court. Heard in the Court of Appeals 19 October 2006.

*Attorney General Roy Cooper, by Assistant Attorney General David P. Brenskelle, for the State.*

*L. Jayne Stowers, for defendant-appellant.*

ELMORE, Judge.

Michael Replogle, II (defendant) appeals his conviction for involuntary manslaughter. After a careful review of the record, we find no error in defendant's conviction of involuntary manslaughter. However, because the State failed to produce any evidence on the issue of restitution at sentencing, we remand for resentencing on that issue.

Beginning 28 May 2005, defendant held a three-day unsupervised party at his house.[1] Defendant was sixteen years old at the time. On the morning of 30 May 2005, defendant, accompanied by his friends Jessica Parsons (Parsons), Tina Harmon (Harmon), and Tabitha Bumgardner (Bumgarnder), was unloading several guns in his living room. According to defendant, one of the guns jammed as he was attempting to remove a bullet from its chamber. As he struggled to dislodge the bullet, the gun went off, fatally shooting Bumgardner. Defendant was indicted for involuntary manslaughter, and was found guilty by a jury. He now appeals his conviction.

[1] Defendant first contends that the trial court erred in denying his motion for dismissal due to insufficient evidence. "In ruling on a defendant's motion to dismiss, the trial court should consider if the state has presented substantial evidence on each element of the

---

1. Although both the State and defendant discuss the party, what occurred there, and who was to blame for its occurrence in depth, we will not do so here. The events prior to the shooting have little to no bearing on the outcome of this case.

crime and substantial evidence that the defendant is the perpetrator." *State v. Fowler*, 353 N.C. 599, 621, 548 S.E.2d 684, 700 (2001) (citations omitted). "The elements of involuntary manslaughter are: (1) an unintentional killing; (2) proximately caused by either (a) an unlawful act not amounting to a felony and not ordinarily dangerous to human life, or (b) culpable negligence." *State v. Hudson*, 345 N.C. 729, 733, 483 S.E.2d 436, 439 (1997) (citing *State v. McGill*, 314 N.C. 633, 637, 336 S.E.2d 90, 92 (1985)). "The evidence should be viewed in the light most favorable to the state, with all conflicts resolved in the state's favor. . . . If substantial evidence exists supporting defendant's guilt, the jury should be allowed to decide if the defendant is guilty beyond a reasonable doubt." *Fowler*, 353 N.C. at 621, 548 S.E.2d at 700 (citations omitted). Because the State provided sufficient evidence to send the case to the jury, defendant's contention is without merit.

The State, both at trial and on appeal, relies primarily upon the following evidence: (1) that defendant was holding the gun "like one does when one shoots a gun," (2) that the gun discharged, killing Bumgardner, and (3) that the State's expert testified that the gun did not have a hair trigger and that it could not have been fired without actually pulling the trigger. Reviewing this evidence in the light most favorable to the State, we must agree with the State's contention that this evidence was sufficient to justify the trial court's denial of defendant's motion.

There is no doubt that defendant unintentionally killed Bumgardner. Moreover, the State does not seriously contend that defendant was engaged in any sort of illegal activity at the time of the shooting. The sole issue before this Court is therefore whether defendant was culpably, or criminally, negligent.

Though not cited in either party's brief, this Court has decided a case factually indistinguishable from the case at hand. *State v. McAdams*, 51 N.C. App. 140, 275 S.E.2d 500 (1981). In *McAdams*, the defendant was cleaning and oiling a recently purchased rifle while sitting on a couch with his wife. *Id.* at 142, 275 S.E.2d at 502. He loaded the weapon, and pointed it out the front of his house, which happened to be on the same side of him as his wife. *Id.* Noticing that the bolt of the gun was stuck in the back position the defendant slammed the bolt forward in an attempt to place it back in the forward position. *Id.* The gun fired, fatally shooting his wife. *Id.* The *McAdams* court, noting that "[c]ulpable negligence is more than the actionable negligence often considered in tort law, and is such recklessness or

carelessness proximately resulting in injury or death as imports a thoughtless or needless indifference to the rights and safety of others," concluded in that case that there was "sufficient evidence of wantonness, recklessness, or other misconduct amounting to culpable negligence to support a verdict of involuntary manslaughter." *Id.* at 143, 275 S.E.2d at 502. Because we are unable to distinguish the present case from *McAdams*, we must hold that there was no error in the trial court's decision.

[2] Defendant next contends that it was error or plain error for the trial court to fail to declare a mistrial when informed that the jury was having difficulty in reaching a verdict. This contention is without merit.

Defendant argues that although he failed to object at the trial level, the issue is nevertheless preserved for appeal as it affects his constitutional right to a jury trial. "Constitutional issues not raised and passed upon at trial will not be considered for the first time on appeal." *State v. Lloyd*, 354 N.C. 76, 86-87, 552 S.E.2d 596, 607 (2001) (citing *State v. Benson*, 323 N.C. 318, 322, 372 S.E.2d 517, 519 (1988). "[The] 'scope of appellate review is limited to the issues presented by assignments of error set out in the record on appeal; where the issue presented in the appellant's brief does not correspond to a proper assignment of error, the matter is not properly considered by the appellate court.' " *Walker v. Walker*, 174 N.C. App. 778, 781, 624 S.E.2d 639, 641 (2005) (quoting *Bustle v. Rice*, 116 N.C. App. 658, 659, 449 S.E.2d 10, 11 (1994)). Because the constitutional issue was neither raised at the trial level nor assigned as error, we will not consider it on appeal.[2] Moreover, plain error review is unavailable for this issue. *See State v. McCall*, 162 N.C. App. 64, 70, 589 S.E.2d 896, 900 (2004) (holding that plain error review is unavailable to appellants contending that the trial court failed to declare a mistrial because "the North Carolina Supreme Court has restricted review for plain error to issues 'involving either errors in the trial judge's instructions to the jury or rulings on the admissibility of evidence.' "). Accordingly, we decline to further address this assignment of error.

---

2. Defendant's reliance on *State v. Ashe*, 314 N.C. 28, 331 S.E.2d 652 (1985), is misplaced. As our Supreme Court explained, "The reference [to the state constitution in *Ashe*] was intended to convey no more than the seemingly obvious proposition that for a trial judge to give explanatory instructions to fewer than all jurors violated only the unanimity requirement imposed on jury verdicts by Article I, section 24." *State v. McLaughlin*, 320 N.C. 564, 569, 359 S.E.2d 768, 772 (1987).

**[3]** In a similar vein, defendant contends that he was denied effective assistance of counsel by his trial representation's failure to move for a mistrial. Because there is no reason to believe that such a motion would have been granted, this contention is without merit.

In order to prevail on an ineffective assistance of counsel claim, defendant must not only prove that his trial counsel was deficient, he must also show that the deficient performance prejudiced his defense. *See, e.g., State v. Augustine,* 359 N.C. 709, 718, 616 S.E.2d 515, 524 (2005). Defendant fails to establish that there was a likelihood of success had his trial counsel moved for a mistrial; he therefore fails to show ineffective assistance of counsel.

The issues of the length of deliberations and the possibility of jury deadlock are addressed in N.C. Gen. Stat. § 15A-1235 (2005). That statute allows a trial judge to declare a mistrial: "If it appears that there is no reasonable possibility of agreement, the judge may declare a mistrial and discharge the jury." *Id.* at § 15A-1235(d). However, the use of the word "may" makes clear that the decision to do so is at the judge's discretion. "Contrary to defendant's contention that it was clearly incumbent upon the judge to declare a mistrial, this statute does not mandate the declaration of a mistrial; it merely permits it." *State v. Darden,* 48 N.C. App. 128, 133, 268 S.E.2d 225, 228 (1980) (internal quotations omitted). In fact, "the action of the judge in declaring or failing to declare a mistrial is reviewable only in case of gross abuse of discretion." *Id.*

Thus, even assuming that defendant's trial counsel *should* have moved for mistrial, the fact that defendant fails to show any likelihood of the trial court granting that motion precludes this Court from holding that defendant's counsel was ineffective. Simply put, any potential error was not "so serious that a reasonable probability exists that the trial result would have been different absent the error." *Augustine,* 359 N.C. at 718, 616 S.E.2d at 524 (quotations and citations omitted).

**[4]** Finally, defendant contends that the trial court erred in ordering him to make restitution to the victim's father in the amount of $12,850.00. He claims that because the prosecutor provided the only information regarding the amount of restitution owed, and because such prosecutorial statements do not constitute evidence, he is entitled to a new hearing on the issue of restitution. Defendant further contends that the fact that he failed to object at trial does not make the issue unappealable. Defendant is correct in both assertions.

STATE v. REPLOGLE

[181 N.C. App. 579 (2007)]

It is uncontested that "[t]he amount of restitution recommended by the trial court must be supported by evidence adduced at trial or at sentencing." *State v. Shelton*, 167 N.C. App. 225, 233, 605 S.E.2d 228, 233 (2004) (quoting *State v. Wilson*, 340 N.C. 720, 726, 459 S.E.2d 192, 196 (1995)). Furthermore, this Court has held that the "unsworn statements of the prosecutor . . . [do] not constitute evidence and cannot support the amount of restitution recommended." *State v. Buchanan*, 108 N.C. App. 338, 341 423 S.E.2d 819, 821 (1992).

The State concedes that there is recent case law "supportive of the defendant's contention," holding that even where a defendant does not "specifically object to the trial court's entry of an award of restitution, this issue is deemed preserved for appellate review under N.C. Gen. Stat. § 15A-1446(d)(18)." *Shelton*, 167 N.C. App. at 233, 605 S.E.2d 228, 233 (citing *State v. Reynolds*, 161 N.C. App. 144, 149, 587 S.E.2d 456, 460 (2003)). However, the State argues that our Supreme Court's recent opinion in *State v. Alexander*, 359 N.C. 824, 616 S.E.2d 914 (2005), necessitates our holding that defendant's silence at trial bars his appeal of the issue. In this, the State is simply incorrect. *Alexander* speaks primarily to the issue of stipulation to prior record level. *See, e.g., id.* at 829, 616 S.E.2d at 918. Moreover, in *Alexander*, the trial court "asked defense counsel whether he would 'stipulate to the worksheet' to which defense counsel responded 'Yes, sir.' " *Id.* at 826, 616 S.E.2d at 916. While it is true that "[s]ilence, under some circumstances, may be deemed assent," a stipulation's terms must nevertheless "be definite and certain in order to afford a basis for judicial decision, and it is essential that they be assented to by the parties or those representing them." *Id:* at 828, 616 S.E.2d at 917 (quotations and citations omitted). In view of our recent decisions in *Shelton, Wilson,* and *Buchanan,* which go specifically to the issue of restitution, we are unpersuaded by the State's attempt to broadly read *Alexander.* We therefore remand to the trial court with instructions to rehear the issue of restitution.

Accordingly, while we find no error in defendant's conviction of involuntary manslaughter, we reverse on the issue of restitution and remand to the trial court for resentencing consistent with this decision.

No error in part, reversed and remanded with instructions in part.

Chief Judge MARTIN and Judge JACKSON concur.