STATE OF NORTH CAROLINA v. JOSHUA MONTEZ TUCK

No. COA07-697

(Filed 5 August 2008)

**1. Discovery— cross-examination—referencing police report not produced during discovery—remand for findings**

The trial court abused its discretion in a robbery with a dangerous weapon case by allowing the State during cross-examination of a defense witness to reference a police report that had not

**STATE v. TUCK**

[191 N.C. App. 768 (2008)]

been produced to defendant during discovery because: (1) the pertinent discovery statute, N.C.G.S. § 15A-903(a)(1), provided that the State's files that must be made available to defendant upon request, including defendant's statements, codefendants' statements, witness statements, investigating officers' notices, results of tests and examinations, or any other matter or evidence obtained during the investigation of the offenses alleged to have been committed by defendant; (2) in the instant case the statement was made by a one-time codefendant who later became a witness for defendant, and there was ample evidence the witness would be called to testify, thus putting the State on notice that information related to that witness would need to be turned over; (3) had defense counsel been made aware of the witness's prior inconsistent statement through a proper discovery disclosure, she might have engaged in an entirely different trial strategy including one that did not involve the witness testifying at all; and (4) when one piece of evidence that was not turned over to defendant after a proper request for it has the potential to fundamentally alter a defense strategy, the Court of Appeals may find prejudice. The case is remanded for an evidentiary hearing to determine when the investigating agency or prosecutor discovered or should have discovered the statement, and when they were aware or should have been aware of its relation to the charges brought against defendant.

**2. Damages and Remedies— restitution—amount—sufficiency of evidence**

The trial court erred in a robbery with a dangerous weapon case by ordering defendant to pay restitution in the amount of $1,500.00, and the case is remanded to the trial court for a new sentencing hearing, because: (1) although the trial court was not required to make findings of fact in this case, no evidence was presented indicating the appropriate amount of restitution; (2) although the prosecutor told the trial court that when the coparticipant pled guilty his sentence included $1,500 in restitution to the victim, prosecutorial statements are not evidence; and (3) there was no testimony from the victim or any other evidence presented at trial or sentencing to support the restitution amount.

Appeal by defendant from judgment entered 23 March 2007 by Judge J. B. Allen, Jr. in Wake County Superior Court. Heard in the Court of Appeals 9 January 2008.

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Kay Linn Miller Hobart, for the State.*

*Irving Joyner for defendant-appellant.*

HUNTER, Judge.

Joshua Montez Tuck ("defendant") appeals from a judgment entered upon a jury verdict finding him guilty of robbery with a dangerous weapon. Defendant was sentenced to a minimum term of sixty-four months' and a maximum term of eighty-six months' imprisonment. Defendant was also ordered to pay restitution. After careful consideration, we remand to the trial court to find facts regarding an alleged discovery violation and for resentencing.

The State presented evidence tending to show that in the early morning hours of 31 July 2006, Nazeeth Ewais was working as Director of Operation for Biraeh Security Services at the Longview Shopping Center ("the shopping center") in Raleigh, North Carolina. Mr. Ewais patrolled the shopping center in his vehicle. At around 1:00 a.m., as he sat eating his dinner in his vehicle, he observed two men walking across the parking lot. One of the men pointed a gun at Mr. Ewais and told him to get out of his vehicle and walk backwards. The other man walked to the driver's side, entered the vehicle, and picked up the keys. The man with the gun entered on the passenger side and they drove away.

The police located the van and gave chase. Ultimately, the van crashed, at which point the driver attempted to flee. The police secured the driver, Julius Cofield, but did not see a second individual occupying or fleeing the vehicle.

Ewais identified Cofield at the police station as one of the assailants. After reviewing a photo line-up of Cofield's known associates, Ewais then identified defendant as the second man who had robbed him. Defendant was thereafter charged with robbery with a dangerous weapon.

Based on the incident described above, Cofield was also charged with and pled guilty to robbery with a dangerous weapon, speeding to elude arrest, and assault on a law enforcement officer. Cofield testified on behalf of defendant at defendant's trial. Cofield stated that he alone had stolen the van and defendant was not with him. His testimony was consistent with his initial statements to police after he was arrested.

On direct examination, Cofield testified that he did not know defendant. On cross-examination, the prosecutor impeached Cofield with a statement that he had made on 30 July 2006, the day before the commission of the alleged crime, in which he told Officer Brian Neighbors that he knew defendant. Cofield's statement was formalized in a field interview report later that day. Defendant objected to its use at trial because the field interview report was not turned over to defendant after his timely request for discovery. The State argued that it was not in violation of the discovery statute as it had just received the document from the police moments before the cross-examination of Cofield.

Defendant presents the following issues for this Court's review: (1) whether the trial court erred in determining that the State was in compliance with the discovery statute, and (2) whether the trial court erred in requiring defendant to pay restitution.

I.

[1] Defendant argues the trial judge committed prejudicial error by allowing the State during cross-examination of a defense witness to reference a police report that had not been produced to defendant during discovery. We remand to the trial court to make factual findings as to this issue.

A trial court's rulings on discovery matters are reviewed for an abuse of discretion. *State v. Shannon*, 182 N.C. App. 350, 357, 642 S.E.2d 516, 522 (2007). An abuse of discretion will be found where the ruling was so arbitrary that it cannot be said to be the result of a reasoned decision. *Id.* " 'When discretionary rulings are made under a misapprehension of the law, this may constitute an abuse of discretion.' " *Id.* (quoting *Gailey v. Triangle Billiards & Blues Club, Inc.*, 179 N.C. App. 848, 851, 635 S.E.2d 482, 484 (2006)).

It is now well settled in North Carolina that the right to discovery is a statutory right. *Shannon*, 182 N.C. App. at 358, 642 S.E.2d at 522. The discovery statute in place at the time of defendant's trial provided in pertinent part that:

(a) Upon motion of the defendant, the court must order the State to:

(1) Make available to the defendant the complete files of all law enforcement and prosecutorial agencies involved in the investigation of the crimes committed or the prose-

cution of the defendant. The term "file" includes the defendant's statements, the *codefendants' statements, witness statements,* investigating officers' notes, results of tests and examinations, or any other matter or evidence obtained during the investigation of the offenses alleged to have been committed by the defendant. . . . Oral statements shall be in written or recorded form[.]

N.C. Gen. Stat. § 15A-903(a)(1) (2007) (emphasis added).[1]

The statute is clear as to what the term "file" includes: "defendant's statements, the codefendants' statements, witness statements, investigating officers' notes, results of tests and examinations, or any other matter or evidence obtained during the investigation of the offenses alleged to have been committed by the defendant." N.C. Gen. Stat. § 15A-903(a)(1).[2] In the instant case, the statement was made by a one time co-defendant who later became a witness for defendant. Moreover, there was also ample evidence that the State was aware that Cofield would be called to testify, putting the State on notice that information related to Cofield would need to be turned over. Specifically, defendant's attorney stated during *voir dire* that "[w]e fully signaled to the State by the served witness list that we intended to call Julius Cofield and verbally at every point in this case." The prosecutor also stated that, "I certainly was aware that [defendant] intended to call Mr. Cofield."

The prosecutor, however, argued that she was "not aware of [any] requirement under the discovery statute . . . to provide to [defendant] evidence that impeaches [his] witness." The State was incorrect: The discovery statute, as stated above, quite clearly requires the State to turn over, *inter alia,* co-defendant and witness statements. Here, we have a statement made by a witness who was, at one time, a co-defendant. Clearly, the subject matter of the statement is within the term "file." That, however, does not end our inquiry.

Co-defendant and witness statements that have yet to be discovered by the State are not part of the "file" for purposes of the

---

1. This statute has been amended subsequent to the 2005 version of the discovery statute cited in this opinion; however, this was the applicable law at the time of the trial.

2. The term "statement" includes assertions made to a State investigatory agency, whether those assertions are written, recorded, or oral. *Shannon,* 182 N.C. App. at 360, 642 S.E.2d at 524. There is no dispute as to whether Cofield's assertions were "statements" under the statute.

discovery statute. *State v. James*, 182 N.C. App. 698, 703-05, 643 S.E.2d 34, 37 (2007). It is partially on this ground that the State argues that this information was not part of the "file." However, once discoverable information is obtained, under N.C. Gen. Stat. § 15A-907 (2007), the State has a "continuing duty to disclose any evidence or witnesses discovered prior to or during trial." *James*, 182 N.C. App. at 703, 643 S.E.2d at 37. In the instant case, the State argues that it complied with this statute because the prosecutor turned over the document when she was handed it by the detective—in essence, arguing that it was not part of the "file" until the prosecutor received it. However, the requirement to disclose the "file" to defendant applies to *"all law enforcement and prosecutorial agencies*[.]" N.C. Gen. Stat. § 15A-903(a)(1) (emphasis added). Thus, for the purposes of the discovery statute the State is both the law enforcement agency and the prosecuting agency. Accordingly, the State would be in violation of the discovery statute if: (1) the law enforcement agency or prosecuting agency was aware of the statement or through due diligence should have been aware of it; and (2) while aware of the statement, the law enforcement agency or prosecuting agency should have reasonably known that the statement related to the charges against defendant yet failed to disclose it.

In the instant case, the trial court did not make a determination as to either issue. Instead, the trial court determined that the prior inconsistent statement was appropriate for impeachment purposes, an issue with which there is no dispute. The issue was whether the State complied with the discovery statute. There being no determination by the trial court on this critical issue, this Court remands for findings as to whether the State complied with N.C. Gen. Stat. § 15A-903(a)(1).

Finally, the State contends that even if there was a discovery violation, the evidence was such that defendant was not prejudiced. This determination is made based on the fact that Cofield's cell phone contained defendant's number. However, had defense counsel been made aware of Cofield's prior inconsistent statement through a proper discovery disclosure, she might have engaged in an entirely different trial strategy, one that did not involve Cofield testifying at all. Where one piece of evidence that was not turned over to defendant after a proper request for it has the potential to fundamentally alter a defense strategy, this Court may find prejudice. *See State v. Castrejon*, 179 N.C. App. 685, 695, 635 S.E.2d 520, 526 (2006), *appeal dismissed and disc. review denied*, 361 N.C. 222, 642

S.E.2d 709 (2007) (holding that "[l]ast minute or 'day of trial' production to the defendant of discoverable materials the State intends to use at trial is an unfair surprise and may raise constitutional and statutory violations").

Because there are insufficient findings by the trial court for this Court to determine whether the State complied with the discovery statute, we remand for an evidentiary hearing to determine when the investigating agency or prosecutor discovered or should have discovered the statement, and when they were aware or should have been aware of its relation to the charges brought against defendant.

## II.

**[2]** Defendant argues the trial court erred when it ordered defendant to pay restitution. We agree.

Restitution awarded " 'by the trial court must be supported by evidence adduced at trial or at sentencing.' " *State v. Shelton*, 167 N.C. App. 225, 233, 605 S.E.2d 228, 233 (2004) (unsworn statement by prosecutor insufficient to support restitution amount) (quoting *State v. Wilson*, 340 N.C. 720, 726, 459 S.E.2d 192, 196 (1995)); *State v. Calvino*, 179 N.C. App. 219, 223, 632 S.E.2d 839, 843 (2006) (prosecutorial statements alone, without stipulation by defendant, did not support restitution awarded); *State v. Replogle*, 181 N.C. App. 579, 584, 640 S.E.2d 757, 761 (2007) (unsworn statements by prosecutor are not evidence); *State v. Cousart*, 182 N.C. App. 150, 154, 641 S.E.2d 372, 375 (2007) (amount of restitution was supported by witness testimony); *State v. Riley*, 167 N.C. App. 346, 349-50, 605 S.E.2d 212, 215 (2004) (amount of restitution was supported by witness testimony). "However, '[w]hen . . . there is some evidence as to the appropriate amount of restitution, the recommendation will not be overruled on appeal.' " *State v. Davis*, 167 N.C. App. 770, 776, 607 S.E.2d 5, 10 (2005) (alteration in original; citation omitted) (restitution award for $180.00 not disturbed where the victim testified that the money stolen from her pocketbook was between $120.00 and $150.00 dollars in cash and another witness involved in the robbery testified the pocketbook contained $240.00 in cash).

The statute governing determination of restitution explicitly states that "the court is not required to make findings of fact or conclusions of law on these matters." N.C. Gen. Stat. § 15A-1340.36(a) (2007). We agree with the State that the trial court was not required to make findings of fact in this case. However, we disagree that the

evidence at trial or sentencing was sufficient to support the restitution award.

At trial, no evidence was presented indicating the amount of restitution. At the sentencing phase, the prosecutor told the trial court that when Cofield pled guilty, his sentence included $1,500.00 in restitution to the victim. The trial court then ordered defendant to pay, as a condition of post-release supervision, if applicable, or from work release earnings, if applicable, restitution and attorneys' fees. The judgment referenced an attached restitution sheet which was incorporated by reference. The restitution worksheet indicated defendant was jointly and severally liable with Cofield for $1,500.00 in restitution.

Prosecutorial statements are not evidence. *Replogle*, 181 N.C. App. at 584, 640 S.E.2d at 761. Since there was no testimony by the victim or any other evidence presented at trial or sentencing to support the restitution amount of $1,500.00, we remand for a new sentencing hearing.

Since we remand to the trial court for further proceedings, we need not reach defendant's argument that "[t]he failure to sign the order is an independent basis for vacating this restitution order." Defendant's remaining assignments of error not brought forward on appeal are dismissed.

### III.

In conclusion, we remand for the trial court to make factual findings to determine whether the State complied with the discovery statute. Because there was no evidence presented as to restitution, we also remand to the trial court for a new sentencing hearing.

Remanded.

Judges CALABRIA and STROUD concur.