NO. COA13-846

NORTH CAROLINA COURT OF APPEALS

Filed: 20 May 2014

STATE OF NORTH CAROLINA

v.

Durham County
No. 12 CRS 56936

SHARKEEM JAMMARCUS FOUSHEE


Appeal by the State from order entered 19 February 2013 by Judge R. Allen Baddour in Durham County Superior Court. Heard in the Court of Appeals 9 December 2013.

> *Attorney General Roy Cooper, by Assistant Attorney General Teresa M. Postell, for the State.*

> *Appellate Defender Staples Hughes, by Assistant Appellate Defender Kathleen M. Joyce, for Defendant.*

ERVIN, Judge.

The State has sought appellate review of an order dismissing two counts of obtaining property by false pretenses that had been lodged against Defendant Sharkeem Jammarcus Foushee and precluding the State from calling certain witnesses to testify at the trial of a separate felonious larceny charge that had been lodged against Defendant, with both of these decisions resting on the trial court's determination that the State had violated the provisions of N.C. Gen. Stat. § 15A-903. On appeal, the State argues that the trial court erroneously dismissed the obtaining property by false pretenses charges on

the grounds that the State had not, in fact, violated the applicable discovery statutes. After careful consideration of the State's challenge to the trial court's order in light of the record and the applicable law, we conclude that the trial court's order should be reversed and that this case should be remanded to the Durham County Superior Court for further proceedings not inconsistent with this opinion.

## I. Factual Background

On 17 July 2012, a warrant for arrest charging Defendant with one count of felonious larceny and two counts of obtaining property by false pretenses was issued. According to the allegations contained in the warrant, Defendant took twenty-six rings and a pair of earrings with a total value of $17,655 belonging to Alfreda Andrews and pawned four of the rings at Friendly Jewelry and Pawn Shop based upon a representation that he owned the property in question. On 17 September 2012, the Durham County grand jury returned a bill of indictment charging Defendant with one count of felonious larceny and two counts of obtaining property by false pretenses based on the same factual allegations set out in the earlier warrant for arrest.

On 24 September 2012, Defendant filed a request for formal arraignment, a motion to preserve evidence, and a request for voluntary discovery. On 26 September 2012, Defendant filed a motion for discovery. On 3 October 2012 and 13 February 2013,

respectively, the State responded to Defendant's discovery requests.

On 13 February 2013, Defendant filed two motions *in limine*. In the first motion, Defendant requested that the trial court (1) order the State to certify that it had complied with the provisions of N.C. Gen. Stat. § 15A-903; (2) prohibit the State from introducing evidence that had not been provided to Defendant; and (3) order the State to comply with N.C. Gen. Stat. §§ 15A-903(a)(1)(a) and 15A-903(a)(1)(c) by providing Defendant with a copy of any new statements made by any witness before that witness was called to testify. In the second motion, Defendant requested that the trial court prohibit the State from introducing or referring to any extra-judicial statements made by any person who was not going to testify at trial. On 13 February 2013, the State provided Defendant with a supplemental discovery response and a certification that all materials subject to discovery had been provided to Defendant.

On 18 February 2013, Defendant filed two dismissal motions. In the first of these motions, Defendant requested that all of the charges that had been lodged against him be dismissed as the result of alleged discovery violations stemming from the State's failure to interview and provide statements from certain witnesses. More specifically, Defendant alleged in the first dismissal motion that the State had been made aware that Ms.

Andrews' children, Chynna Andrews and Carlston Andrews, had been on the premises of the family home at the time that the stolen jewelry had become missing, that Chynna and Carlston Andrews might possess potentially exculpatory information, and that the State had wilfully failed to interview them. In the second of these motions, Defendant requested that all of the charges that had been lodged against him be dismissed as the result of certain alleged discovery violations stemming from the State's failure to obtain and preserve a surveillance video from the pawn shop. More specifically, Defendant alleged in the second dismissal motion that, despite having knowledge that a potentially exculpatory surveillance video had been made at Friendly Jewelry and Pawn, the State had negligently failed to obtain the video prior to its destruction, which had occurred approximately six months after the date upon which the stolen jewelry was pawned there.

A hearing was held with respect to Defendant's dismissal motions before the trial court on 18 February 2013. After hearing arguments concerning the merits of Defendant's dismissal motions, the trial court entered an order concluding that the State had failed to "use reasonable diligence to investigate, preserve, document, or make [the surveillance video] available" "or [to obtain] any relevant evidence" from two witnesses who had been present at the time that one of the alleged offenses

was committed in violation of the State's discovery obligations as prescribed in N.C. Gen. Stat. § 15A-903. Based upon this set of determinations, the trial court sanctioned the State by dismissing the two counts of obtaining property by false pretenses that had been lodged against Defendant and ordering that the State be precluded from calling Chynna or Carlston Andrews to testify at Defendant's trial for felonious larceny. After the trial court denied a motion to continue the trial of the felonious larceny charge, the State took a voluntary dismissal with respect to that charge. The State noted an appeal to this Court from the trial court's order.

On 7 October 2013, Defendant filed a motion to dismiss the State's appeal or, in the alternative, a motion to strike the record on appeal and portions of the State's brief on the basis that the State had committed numerous violations of the North Carolina Rules of Appellate Procedure. On 16 October 2013, the State filed a response to Defendant's motion and an alternative petition seeking the issuance of a writ of *certiorari* authorizing appellate review of the trial court's order. On 18 October 2013, Defendant filed a response to the State's *certiorari* petition.

## II. Substantive Legal Analysis

### A. Motion to Dismiss Appeal

As an initial matter, we must address Defendant's motion to dismiss the State's appeal or, in the alternative, to strike the record on appeal and portions of the State's brief. Although Defendant is certainly correct in contending that the State has violated numerous provisions of the North Carolina Rules of Appellate Procedure,[1] "we dismiss appeals 'only in the most egregious instances of nonjurisdictional default[.]'" *Carolina Forest Ass'n, Inc. v. White*, 198 N.C. App. 1, 6, 678 S.E.2d 725, 729 (2009) (quoting *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 200, 657 S.E.2d 361, 366 (2008)); *see also* 5 Am.Jur.2d *Appellate Review* § 804, at 540 (stating that "it is preferred that an appellate court address the merits of an appeal whenever possible," so that "a party's failure to comply with nonjurisdictional rule requirements normally should not lead to dismissal of the appeal"). As a result of the fact that the State's violations of the North Carolina Rules of

---

[1]Among the rules violations upon which Defendant's motion was predicated are that (1) Defendant's dismissal motions and "other papers" were missing a critical page and were treated as attachments rather than included in the record on appeal; (2) a number of other important documents were treated as attachments rather than included as part of the record on appeal; (3) the pages in the record on appeal and attachments were not individually and consecutively numbered; (4) Defendant's social security number was not redacted from the documents included in the record on appeal; (5) the State failed to provide the court reporter with the appellate docket number or request that the transcript be electronically filed; and (6) the State's brief failed to "define clearly the issues presented to the reviewing court."

Appellate Procedure are nonjurisdictional in nature and, while troubling, do not rise to the level of a "substantial failure" to comply with or a "gross violation" of the applicable rule provisions, we conclude, in the exercise of our discretion, that we should review the State's challenge to the validity of the trial court's order on the merits rather than dismissing the State's appeal. *Dogwood*, 362 N.C. at 199, 657 S.E.2d at 366. Put another way, "we believe [that] the fundamental principle of *Dogwood*, to 'promote public confidence in the administration of justice in our appellate courts[,]' does not necessitate dismissal in the instant case." *Carolina Forest*, 198 N.C. App. at 6-7, 678 S.E.2d at 729. As a result, although we deny Defendant's motion to dismiss the State's appeal, we strongly admonish counsel for the State to strictly adhere to all applicable provisions of the North Carolina Rules of Appellate Procedure in the future.

B. Appealability of Orders Imposing Discovery Sanctions

Secondly, we must determine the extent to which the trial court's order is subject to appeal by the State. "The right of the State to appeal in a criminal case is statutory, and statutes authorizing an appeal by the State in criminal cases are strictly construed." *State v. Elkerson*, 304 N.C. 658, 669, 285 S.E.2d 784, 791 (1982). "The State's right of appeal is granted by [N.C. Gen. Stat.] § 15A-1445." *State v. Watkins*, 189

N.C. App. 784, 785, 659 S.E.2d 58, 60 (2008). "N.C. Gen. Stat. § 15A-1445(a)(1) allows the State to appeal from a 'decision or judgment dismissing criminal charges as to one or more counts.'" *State v. Dorman*, __ N.C. App. __, __, 737 S.E.2d 452, 470 (quoting N.C. Gen. Stat. § 15A-1445(a)(1)), *disc. review denied*, __ N.C. __, 743 S.E.2d 206 (2013). "The General Statutes do not provide a similar right of appeal with regard to the imposition of lesser discovery sanctions upon the State." *Id.* at __, 737 S.E.2d at 470-71. As a result, the State has the right to appeal a trial court order dismissing a criminal charge while lacking the authority to appeal an order imposing a lesser sanction.

Although the trial court granted Defendant's motion to dismiss the two counts of obtaining property by false pretenses that had been lodged against Defendant, it simply precluded the State from offering the testimony of certain potential witnesses in the felonious larceny case. Moreover, the State voluntarily dismissed the felonious larceny charge after the trial court denied its continuance motion. Although the State's notice of appeal stated that it was appealing from the order "in which the Court dismissed two counts of Obtaining Property by False Pretenses and prohibited the State from introducing the testimony of two witnesses" and although the State clearly has the right to seek appellate review of that portion of the trial

court's order challenging the dismissal of the obtaining property by false pretenses charges, *see State v. Newman*, 186 N.C. App. 382, 385, 651 S.E.2d 584, 587 (2007) (stating that "under the plain language of N.C. Gen. Stat. § [15A-]1445(a)(1), the State has a right to appeal the dismissal of one count and this appeal is not interlocutory"), *disc. review denied*, 362 N.C. 478, 667 S.E.2d 234 (2008), the fact that "[t]he General Statutes do not provide a similar right of appeal with regard to the imposition of lesser discovery sanctions upon the State," *Dorman*, __ N.C. App. at __, 737 S.E.2d at 470-71, necessitates a determination that the State lacks the right to seek appellate review of that portion of the trial court's order precluding the presentation of any testimony from Chynna and Carlston Andrews at the trial of the felonious larceny case. As a result, we will limit our review of the State's challenge to the trial court's order to a consideration of the lawfulness of the trial court's decision to dismiss the two obtaining property by false pretenses charges.[2]

---

[2]The State candidly concedes that, despite the reference to the portion of the trial court's order precluding it from presenting certain testimony at the trial of the felonious larceny charge in its notice of appeal, it has no right to appeal from that portion of the trial court's order imposing sanctions in the felonious larceny case, stating that, "[a]lthough the trial court's order regarding the larceny charge was also incorrect, the State has not attempted to appeal that order."

C. Validity of the Trial Court's Dismissal Decision

In its brief, the State contends that the trial court erred by dismissing the two counts of obtaining property by false pretenses based upon the State's failure to comply with the provisions of N.C. Gen. Stat. § 15A-903. More specifically, the State contends that certain of the trial court's findings of fact lacked adequate evidentiary support[3] and that the trial court erroneously concluded as a matter of law that the failure to obtain and preserve the surveillance video taken at the establishment at which Ms. Andrews' jewelry was pawned constituted a violation of Defendant's rights under the applicable discovery statutes. The State's argument has merit.

1. Standard of Review

A determination of the extent, if any, to which the State failed to comply with its obligation to provide discovery to a criminal defendant is a decision left to the sound discretion of the trial court. *State v. Jackson*, 340 N.C. 301, 317, 457 S.E.2d 862, 872 (1995). For that reason, this Court "review[s] a [trial court's] ruling on discovery matters for an abuse of discretion." *State v. Pender*, __ N.C. App. __, __, 720 S.E.2d

---

[3]Although the parties have expended considerable energy debating the sufficiency of the record support for the trial court's findings of fact in their briefs, we need not address those contentions given our ultimate determination that, in light of the facts found in the trial court's order, no discovery violation occurred.

836, 841, *disc. review denied*, 366 N.C. 233, 731 S.E.2d 414 (2012). "'The trial court may be reversed for an abuse of discretion in this regard only upon a showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision.'" *State v. Cook*, 362 N.C. 285, 295, 661 S.E.2d 874, 880 (2008) (quoting *State v. Carson*, 320 N.C. 328, 336, 357 S.E.2d 662, 667 (1987)). "When discretionary rulings are made under a misapprehension of the law, [however,] this may constitute an abuse of discretion." *State v. Tuck*, 191 N.C. App. 768, 771, 664 S.E.2d 27, 29 (2008) (quotations omitted).

## 2. Basic Principles of Criminal Discovery

"It is now well settled in North Carolina that the right to discovery is a statutory right." *Tuck*, 191 N.C. App. at 771, 664 S.E.2d at 29. According to N.C. Gen. Stat. § 15A-903, "upon a motion of the defendant, the court must order . . . [t]he State to make available to the defendant the complete files of all law enforcement agencies, investigatory agencies, and prosecutors' offices involved in the investigation of the crimes committed or the prosecution of the defendant." N.C. Gen. Stat. § 15A-903(a)(1). "The term 'file' includes the defendant's statements, the codefendants' statements, witness statements, investigating officers' notes, results of tests and examinations, or any other matter or evidence obtained during

the investigation of the offenses alleged to have been committed by the defendant." N.C. Gen. Stat. § 15A-903(a)(1)(a).

"The State, however, is under a duty to disclose only those matters in its possession and 'is not required to conduct an independent investigation' to locate evidence favorable to a defendant." *State v. Chavis*, 141 N.C. App. 553, 561, 540 S.E.2d 404, 411 (2000) (quoting *State v. Smith*, 337 N.C. 658, 664, 447 S.E.2d 376, 379 (1994)). "[W]e note that this Court has interpreted the provisions of [N.C. Gen. Stat. §] 15A-903 to require production by the State of *already existing documents*." *Dorman*, __ N.C. App. at __, 737 S.E.2d at 471. As a result, "[t]he statute imposes no duty on the State to create or continue to develop additional documentation regarding an investigation." *Id.*

"If a trial court determines that the State has violated statutory discovery provisions or a discovery order, it may impose a wide array of sanctions[,] including dismissal of the charge with or without prejudice." *Dorman*, __ N.C. App. at __, 737 S.E.2d at 470. "However, prior to imposing any [] sanctions, the trial court must 'consider both the materiality of the subject matter and the totality of the circumstances surrounding an alleged failure to comply' with the discovery requirements." *State v. Jaaber*, 176 N.C. App. 752, 755, 627 S.E.2d 312, 314 (2006) (quoting N.C. Gen. Stat. § 15A-910(b)).

"If the court imposes any sanction, it must make specific findings justifying the imposed sanction." N.C. Gen. Stat. § 15A-910(d). "'Given that dismissal of charges is an 'extreme sanction' which should not be routinely imposed, orders dismissing charges for noncompliance with discovery orders preferably should also contain findings which detail the perceived prejudice to the defendant which justifies the extreme sanction imposed.'" *Dorman*, __ N.C. App. at __, 737 S.E.2d at 470 (quoting *State v. Allen*, __ N.C. App. __, __, 731 S.E.2d 510, 527-28 (internal quotation marks and citations omitted), *disc. review denied*, 366 N.C. 415, 737 S.E.2d 377 (2012), *cert. denied*, __ U.S. __, 133 S. Ct. 2009, 185 L. Ed. 2d 876 (2013).

### 3. Extent to Which Discovery Violation Occurred

According to the argument that Defendant advanced in the trial court and that the trial court accepted in its order, the State violated the discovery-related provisions of N.C. Gen. Stat. § 15A-903 by negligently failing to obtain and preserve the pawn shop surveillance video.[4] More specifically, Defendant

---

[4]On appeal, Defendant has not attempted to defend the trial court's dismissal decision as a proper exercise of the trial court's authority to sanction a discovery violation by the State. Instead, Defendant argues that the trial court's order should be upheld based upon a trial tribunal's inherent authority "to do all things that are reasonably necessary for the proper administration of justice." *Beard v. North Carolina State Bar*, 320 N.C. 126, 129, 357 S.E.2d 694, 696 (1987). We will not, however, address Defendant's "inherent authority" argument on the merits given the trial court's failure to adopt

asserted in his dismissal motion stemming from the loss and destruction of the surveillance video that his trial counsel notified the State on 7 August 2012 that there was reason to believe that Chynna Andrews had been at the pawn shop on the date of the alleged offense and inquired if the State had obtained a surveillance video from the pawn shop on the theory that this video might "show Chynna Andrews at the pawn shop." Approximately two or three weeks before 18 February 2013, the date upon which Defendant's trial was scheduled to begin, Defendant's trial counsel made another inquiry about the extent to which the State had obtained the pawn shop surveillance video. As a result of this inquiry, the prosecutor spoke with an investigator who "went down to the pawn shop and asked about a video," ultimately learning "that after six months it had been destroyed." Based upon this set of facts, Defendant argued that the State was "aware of evidence that could be exculpatory and acted with negligence to allow it to be destroyed" contrary to the discovery-related obligations to which the State was subject pursuant to N.C. Gen. Stat. § 15A-903. We do not find

such a rationale as the basis for its dismissal order. As a result, Defendant will, of course, remain free to seek any available relief stemming from the loss of the surveillance video based on any theory other than an alleged violation of the State's statutory discovery obligations during the course of the proceedings on remand.

Defendant's argument, which provided the basis for the trial court's decision, persuasive.

A careful review of the record reveals no indication that the surveillance video at issue here was ever in the State's possession. Given that "[t]he State . . . is under a duty to disclose only those matters in its possession and 'is not required to conduct an independent investigation' to locate evidence favorable to a defendant," *Chavis*, 141 N.C. App. at 561, 540 S.E.2d at 411 (quoting *Smith*, 337 N.C. at 664, 447 S.E.2d at 379), the State was under no statutory obligation to obtain and provide the pawn shop surveillance video to Defendant. As a result, given that the record contains no support for the trial court's determination that the State failed to comply with the discovery-related obligations imposed by N.C. Gen. Stat. § 15A-903 stemming from its failure to obtain, preserve, and disclose the pawn shop surveillance video to Defendant, the trial court's decision that the State did not comply with the mandates of N.C. Gen. Stat. § 15A-903 rested upon a misapprehension of the applicable law sufficient to render its decision to dismiss the obtaining property by false pretenses charges that had been lodged against Defendant an abuse of discretion. *Tuck*, 191 N.C. App. at 771, 664 S.E.2d at 29. As a result, given that the trial court's decision to dismiss the obtaining property by false pretenses charges rested

upon a misapprehension of law concerning the extent to which a discovery violation actually occurred, the trial court's order should be reversed and this case should be remanded to the Durham County Superior Court for further proceedings not inconsistent with this opinion.[5]

## III. Conclusion

Thus, for the reasons set forth above, we conclude that the trial court erred by dismissing the two counts of obtaining property by false pretenses that had been lodged against Defendant based on the State's alleged failure to comply with its discovery obligations under N.C. Gen. Stat. § 15A-903. As a result, the trial court's order should be, and hereby is, reversed and this case should be, and hereby is, remanded to the Durham County Superior Court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

---

[5]Aside from the issue discussed in the text, the trial court's order does not "detail the perceived prejudice to the defendant" that would "justif[y] the extreme sanction imposed." *Dorman*, __ N.C. App. at __, 737 S.E.2d at 470. "Absent a finding explaining the specific and continuing prejudice [the d]efendant will suffer," a trial court is not authorized to dismiss a pending criminal case as a sanction for a discovery violation by the State. *Id.* Thus, wholly aside from the fact that the record does not, in fact, disclose the existence of any discovery violation relating to the failure to obtain and preserve the pawn shop surveillance video, we would also be required to reverse the trial court's dismissal order based upon its failure to delineate the "specific and continuing" prejudice to which Defendant would be subject as a result of the alleged discovery violation.

Chief Judge MARTIN and Judge McCULLOUGH concur.