An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-384

NORTH CAROLINA COURT OF APPEALS

Filed:  4 November 2014

STATE OF NORTH CAROLINA

    v.

HAROLD DEAN SMITH, JR.

Craven County
Nos. 11 CRS 54777, 13 CRS 132

Appeal by the State by writ of *certiorari* from order entered 20 March 2013 by Judge Benjamin G. Alford in Craven County Superior Court.  Heard in the Court of Appeals 10 September 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Teresa M. Postell, for the State-appellant.*

> *Appellate Defender Staples Hughes, by Assistant Appellate Defenders Charlesena Elliott Walker and Katherine Jane Allen, for defendant-appellee.*

CALABRIA, Judge.

The State appeals by writ of *certiorari* an order granting Harold Dean Smith Jr.'s ("defendant") motion to obtain the prosecuting witness's psychiatric and psychological medical records, requiring the State to interview and obtain a sworn

statement from the prosecuting witness regarding her mental health history. We reverse.

On 13 November 2011, defendant and his girlfriend Angela Quinn ("Ms. Quinn") argued at a home where they resided together in New Bern, North Carolina. During the argument, defendant allegedly set some bedding on fire. Both defendant and Ms. Quinn were able to exit the residence before the fire spread to other parts of the house. Defendant was subsequently arrested, charged, and indicted for first degree arson and malicious burning of personal property.

In May 2012 and again in February 2013, defendant filed pretrial motions for voluntary discovery, to which the State timely responded. On 11 March 2013, defendant filed a pretrial "motion for disclosure of pyschiatric[sic]/psychological medical records of prosecution witness." In this motion, defendant alleged that Ms. Quinn, a witness for the prosecution and the only witness to the alleged crimes, had previously told defendant that she had participated in inpatient psychiatric treatment at Cherry Hospital. In addition, defendant believed "[Ms. Quinn] was admitted . . . for psychiatric treatment after the events that [gave] rise" to defendant's charged offenses. Defendant also alleged, *inter alia*, that "[b]ecause the mental health and/or illness/defects of a witness is grounds for cross-

examination, the Defendant would be prejudiced in his opportunity for effective confrontation and cross-examination if he were not allowed access to the mental health records of the complaining witness[.]" The trial court granted defendant's motion. On 20 March 2013, the trial court ordered the district attorney to, *inter alia*, "interview the Prosecuting Witness [Ms. Quinn] to determine the names dates, [sic] and locations of all voluntary and involuntary commitments over the past ten (10) years[,]" and to provide Ms. Quinn's sworn statement to the defense to enable defendant's counsel to "draw Order(s) directing all records be mailed to" the court for *in camera* inspection and disclose to defendant's counsel any favorable and material evidence.

On 25 March 2013, the State filed a motion for a temporary stay, a petition for writ of *supersedeas* and a writ of *certiorari* with this Court. This Court denied the State's petition for *certiorari* and dismissed the petitions for writ of *supersedeas* and temporary stay on 30 April 2013. On 3 May 2013, the State filed an application for a temporary stay, a petition for writ of *supersedeas*, and a petition for writ of *certiorari* with the Supreme Court of North Carolina. On 20 December 2013, the Supreme Court of North Carolina allowed the State's application for temporary stay and writ of *supersedeas*. The

Supreme Court also allowed the State's petition for writ of *certiorari* for the limited purpose of remanding to this Court for review of the trial court's order following full briefing by the parties.

On appeal, the State argues that the trial court erred in ordering the State to interview Ms. Quinn and have her provide a sworn statement regarding her mental health treatment. Specifically, the State contends that it does not have any information regarding Ms. Quinn's mental health in its possession, and ordering such an interview amounts to an investigation to locate evidence favorable to the defendant. We agree.

Generally, "a criminal defendant is entitled to potentially exculpatory evidence[.]" *State v. Lynn*, 157 N.C. App. 217, 220, 578 S.E.2d 628, 631 (2003). "[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87, 10 L.Ed.2d 215, 218 (1963). The State's duty to disclose "encompasses impeachment evidence as well as exculpatory evidence." *State v. Holadia*, 149 N.C. App. 248, 256, 561 S.E.2d 514, 520 (2002) (citing *United States v. Bagley*, 473 U.S. 667, 676, 87 L.Ed.2d

481, 490 (1985)).

> [I]mpeachment evidence may include evidence that a witness suffers from a serious psychiatric or mental illness. The rationale behind allowing impeachment by evidence of prior treatment for psychiatric problems is that although "instances of . . . mental instability are not directly probative of truthfulness, they may bear upon credibility in other ways, such as to cast doubt upon the capacity of a witness to observe, recollect, and recount[.]"

*Lynn*, 157 N.C. App. at 220-21, 578 S.E.2d at 631 (quoting *State v. Williams*, 330 N.C. 711, 719, 412 S.E.2d 359, 364 (1992)).

N.C. Gen. Stat. § 15A-903 provides, in pertinent part, that upon a defendant's motion, the court must order:

> (1) The State to make available to the defendant the complete files of all law enforcement agencies, investigatory agencies, and prosecutors' offices involved in the investigation of the crimes committed or the prosecution of the defendant.
>
> a. The term "file" includes the defendant's statements, the codefendants' statements, witness statements, investigating officers' notes, results of tests and examinations, or any other matter or evidence obtained during the investigation of the offenses alleged to have been committed by the defendant. When any matter or evidence is submitted for testing or examination, in addition to any test or examination results, all other data, calculations, or writings of any kind shall be made available to the defendant, including, but not limited to, preliminary test or screening results and bench notes.

N.C. Gen. Stat. § 15A-903(a) (2013). "The State, however, is

under a duty to disclose only those matters in its possession and is not required to conduct an independent investigation to locate evidence favorable to a defendant." *State v. Foushee*, ___ N.C. App. ___, ___, 758 S.E.2d 47, 52 (2014) (citation and internal quotations omitted). "[W]e note that this Court has interpreted the provisions of Section 15A-903 to require production by the State of *already existing documents*. The statute imposes no duty on the State to create or continue to develop additional documentation regarding an investigation." *State v. Dorman*, ___ N.C. App. ___, ___, 737 S.E.2d 452, 471 (2013) (citation omitted).

The State relies, in part, on *Lynn* to support its contention that the State is not required to conduct an additional investigation to locate evidence favorable to a defendant. In *Lynn*, the defendant shot his girlfriend's husband several times while the husband slept. 157 N.C. App. at 218, 578 S.E.2d at 630. The defendant was arrested and charged with conspiracy to commit first degree murder, attempted first degree murder, and assault with a deadly weapon with intent to kill. *Id*. The defendant made an unsuccessful pretrial motion requesting the trial court to "order the State to conduct an inquiry to determine who, if anyone, had previously treated [the defendant's girlfriend] for emotional or psychological

problems." *Id*. at 219, 578 S.E.2d at 631. This Court found that the defendant failed to allege that information about the girlfriend's mental health was either in the State's possession or in the possession of persons acting on the State's behalf, and the denial of the defendant's motion did not prevent him from exploring the issue at trial. *Id*. at 222, 578 S.E.2d at 632. Therefore, "the trial court did not err by denying [the] defendant's pretrial motion to require the State to investigate in order to learn the identities of any mental health professionals with whom [the girlfriend] had previously sought treatment." *Id*. at 223, 578 S.E.2d at 633.

In the instant case, in his pretrial motion, defendant requested an order from the trial court "commanding the prosecution to inquire of the complaining witness . . . as to the identities and contact information of any and all mental health and medical professionals and requiring the disclosure of any and all mental health and related medical records of the complaining witness . . . to the defense[.]" In the alternative, defendant requested that the trial court conduct an *in camera* inspection of Ms. Quinn's mental health and related medical records and disclose to the defense any favorable and material evidence. Defendant did not allege that the requested information was in the State's possession, nor did he allege

that it was in the possession of anyone acting on behalf of the State. On appeal, defendant acknowledges that the request presented in his motion is substantially similar to the pretrial motion in *Lynn*, and concedes that he is unable to distinguish his motion in any meaningful way from the motion in *Lynn*.

Although the trial court specifically found that the district attorney did not have the records of Ms. Quinn's mental health treatment in her possession, and had only learned of Ms. Quinn's mental health treatment after defendant filed his pretrial motion, the trial court granted defendant's motion. However, the State "is under a duty to disclose only those matters in its possession and is not required to conduct an independent investigation to locate evidence favorable to a defendant." *Foushee*, ___ N.C. App. at ___, 758 S.E.2d at 52 (citation and internal quotations omitted). Therefore, since the State did not have Ms. Quinn's mental health treatment records in its possession, nor did it have any notice that Ms. Quinn had participated in mental health treatment until after defendant had filed his pretrial motion, we hold that the State does not have a duty "to create or continue to develop additional documentation regarding an investigation[,]" *Dorman*, ___ N.C. App. at ___, 737 S.E.2d at 471, and the denial of defendant's motion will not prevent him from exploring the issue

at trial.  *Lynn*, 157 N.C. App. at 222, 578 S.E.2d at 632.  We therefore reverse the trial court's order.

Reversed.

Judges ELMORE and STEPHENS concur.

Report per Rule 30(e).